## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**STATE OF NEW YORK** *et al.*,

     **Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF LABOR** *et al.*,

     **Defendants.**

Civil Action No. 18-cv-1747 (JDB)

## DEFENDANTS' MOTION TO STAY DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, TO ENTER DEFENDANTS' PROPOSED BRIEFING SCHEDULE

For the reasons set forth in the attached Memorandum of Points and Authorities, Defendants hereby move to stay Defendants' response to Plaintiffs' Motion for Summary Judgment, ECF No. 31. As explained in detail in the accompanying Memorandum of Points and Authority, Defendants respectfully request a stay so that this Court may first resolve preliminary threshold issues, including jurisdictional issues. Alternatively, if the Court is inclined to deny the Department's motion to stay summary judgment briefing, the Department respectfully requests that the Court instead grant Defendants' proposed briefing schedule that accounts for the Department's rights under the Federal Rules of Civil Procedure and the local rules, including the time needed to properly assemble the administrative record. In addition to their Memorandum of Points and Authorities, Defendants have filed a proposed order with this motion.

September 4, 2018

Of Counsel:

KATE S. O'SCANNLAIN
Solicitor of Labor

Respectfully Submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

G. WILLIAM SCOTT
Associate Solicitor

THOMAS TSO
MELISSA MOORE
ISIDRO MARISCAL
DANIEL COLBERT
Attorneys
United States Department of Labor
Office of the Solicitor

BRETT A. SHUMATE
Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Branch Director

CHRISTOPHER HALL
Assistant Branch Director

*/s/  Ashley A. Cheung*
ASHLEY A. CHEUNG
TAMRA T. MOORE
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 616-8267
Email: ashley.cheung@usdoj.gov

*Counsel for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STATE OF NEW YORK** *et al.*,<br><br>      **Plaintiffs,**<br><br>**v.**<br><br>**UNITED STATES DEPARTMENT OF LABOR** *et al.*,<br><br>      **Defendants.** | **Civil Action No. 18-cv-1747 (JDB)** |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STAY DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, TO ENTER DEFENDANTS' PROPOSED BRIEFING SCHEDULE

The Plaintiff States challenge a lawful and measured change to the U.S. Department of Labor's regulation of a long-standing health-insurance market—involving Association Health Plans ("AHPs")—that is intended to "facilitate[] the adoption and administration of AHPs and expand[] access to affordable health coverage, especially for employees of small employers and certain self-employed individuals." *See* Definition of 'Employer' under Section 3(5) of ERISA – Association Health Plans, 83 Fed. Reg. 28,912-01 (June 21, 2018) ("Final Rule"). This regulation poses no emergency or imminent harm to the Plaintiff States, as the Plaintiff States' motion for summary judgment concedes. *See* Plfs.' Mot. Summ. J., ECF No. 31-17 at 10 n.13. The Plaintiff States nonetheless seek to short-circuit the normal course of litigation by moving for summary judgment a mere four weeks after filing their Complaint and less than two weeks after serving the Department of Labor and the Secretary of Labor (collectively, "the Department"). The Plaintiff States filed this motion well before the time within which the Department has a right to respond to the Complaint under the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 12(a)(2), before the Department has compiled the administrative record on which the Plaintiff States' Administrative Procedure Act

("APA") claims must be judged, and before the time within which the local rules contemplate any
such motion.

This action is premature. Given the early stage of the litigation, the complexity and importance
of the case, and the absence of any justification from the Plaintiff States for short-circuiting the proper
development of this case, summary judgment briefing is not yet warranted. Indeed, such briefing may
ultimately be unnecessary given the Department's forthcoming motion to dismiss, which will raise
threshold jurisdictional issues and may render moot any need for summary judgment. *See Steel Co. v.
Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all
in any cause.'" (quoting *Ex parte McCardle*, 7 U.S. 506, 514 (1868))). Given these threshold legal
questions that the Court must first resolve before reaching the merits of the Plaintiff States' claims,
the Department respectfully seeks a stay of briefing on the Plaintiff States' motion until its
forthcoming Rule 12 motion is resolved.[1] Relatedly, the Department also requests, out of an
abundance of caution, that the Court stay any obligation to file a certified list of the contents of the
administrative record pending the Court's resolution of the Department's forthcoming motion to
dismiss.[2] Alternatively, if the Court is inclined to deny the Department's motion to stay summary

---

[1] Counsel for the parties conferred multiple times over the past week seeking agreement on a mutually
acceptable briefing schedule. Despite best efforts, the parties were unable to come to an agreement.
Accordingly, the Plaintiff States oppose the Department's requested stay of both the Department's
response to the Plaintiff States' summary judgment relief and any obligation to file a certified list of
the administrative record content with its forthcoming motion to dismiss. However, the Plaintiff
States consent to adjourning the Department's current deadline to file an opposition to the Plaintiff
States' motion for summary judgment on September 6, 2018.

[2] The Local Rules provide that in a case "involving the judicial review of administrative agency actions,
unless otherwise ordered by the Court, the agency must file a certified list of the contents of the
administrative record with the Court . . . simultaneously with the filing of a dispositive motion." L.
Civ. R. 7(n)(1). The apparent logic of the rule, however, presupposes that the motion implicates the
contents of the administrative record. Indeed, in directing counsel to file an appendix of
administrative record material in addition to the certified list, the rule specifically instructs counsel not
to "burden the appendix with excess material from the administrative record that does not relate to
the issues raised in the motion or opposition." *Id.*; *see also* L. Civ. R. 7(n) cmt. 1 ("This rule is intended

2

judgment briefing, the Department respectfully requests that the Court instead grant the following briefing schedule that accounts for the Department's rights under the Federal Rules of Civil Procedure and the local rules, including the time needed to properly assemble the administrative record: the Department will file the certified list of administrative record contents by November 2, 2018; the Department will file its combined motion to dismiss, or, in the alternative, cross-motion for summary judgment and opposition to the Plaintiff States' motion for summary judgment on November 9, 2018; the Plaintiff States will file their combined opposition to the Department's motion to dismiss, or, in the alternative, cross-motion for summary judgment and reply in support of the Plaintiff States' motion for summary judgment on December 7, 2018; and the Department will file its reply in support of its motion to dismiss, or, in the alternative, cross-motion for summary judgment on January 18, 2019.

## BACKGROUND

Approximately one month ago, the Plaintiff States filed suit challenging the Department's Final Rule. Compl. at 5, ECF No. 1 (July 26, 2018). The Final Rule adjusts the Department's regulation of a long-standing health-insurance market in which employers band together to offer insurance jointly to their employees through ERISA-covered benefit plans called "association health plans" ("AHPs"). This market has existed under ERISA for more than forty years, during which ERISA has left the mechanics and regulation of this market largely to the Department's discretion. While not required by ERISA, the Department previously erected high barriers to entry, discouraging

---

to assist the Court in cases involving a voluminous record . . . by providing the Court with copies of *relevant portions of the record relied upon in any dispositive motion*." (emphasis added)). Here, the Department's forthcoming motion to dismiss, which will raise questions regarding, *inter alia*, the Plaintiff States' standing to bring suit, will not rely on the administrative record. *See Carroll v. Office of Fed. Contract Compliance Programs, U.S. Dep't of Labor*, 235 F. Supp. 3d 79, 81 n.1 (D.D.C. 2017) (concluding that the "certified list" of administrative record contents was "'immaterial' to [the] resolution" of a motion to dismiss).

employers from establishing AHPs and the provision of more affordable health care coverage. *E.g.*, 83 Fed. Reg. at 28915. Despite these barriers, AHPs are well entrenched in state health insurance markets as an option for employers. *Id.* at 28947 (describing AHP's "robust" role in Washington's market). Although the Affordable Care Act ("ACA") made numerous changes on competing health insurance markets, the ACA did not eliminate the market for health insurance through AHPs. *Id.* at 28939, 28944-46. Nor does the Final Rule change the way AHPs are treated under the ACA. *Id.* at 28917.

In early 2018, given changes in the "law, market dynamics, and employment trends," *id.* at 28914, the Department proposed, through a Notice of Proposed Rulemaking, lowering Department-imposed regulatory hurdles to AHP access that were not required by ERISA. 83 Fed. Reg. at 28,913-15. During the rulemaking process, the Department weighed the Plaintiff States' concerns and concluded that increasing the availability of health-insurance options and maintaining robust competition among markets to provide affordable health insurance was a reasonable and lawful policy, particularly in light of the States' acknowledged "broad authority to pursue steps to optimize AHPs' role in their local markets." *E.g.*, 83 Fed. Reg. at 28947. The Department also considered the risk of fraud and erected safeguards and emphasized its enforcement tools, some granted by the ACA, to ensure the Final Rule's goal of affordable health insurance is realized despite the general threat of bad actors who may exploit beneficial regulations. *Id.* at 28951-52. The Department's Final Rule, issued after considering more than nine hundred comments, is intended to promote access to employer-sponsored health plans while increasing the provision of affordable care. *Id.* at 28947.

Notably, the Final Rule will not be fully implemented until April 2019, and the Department's response to the Complaint is not due until October 10, 2018. *See* Fed. R. Civ. P. 12(a)(2); *see also* Return of Serv. Aff., at 1 ("Answer due for all Federal Defendants on 10/10/2018").

**ARGUMENT**

I.     **The Court Should Stay Summary Judgment Briefing Pending Resolution of the Department's Forthcoming Motion to Dismiss.**

Because the Plaintiff States provide no justification for departing from the ordinary course of litigation, and because the Plaintiff States' Complaint raises threshold jurisdictional questions, the Court should stay briefing on the Plaintiff States' motion for summary judgment pending resolution of the Department's forthcoming motion to dismiss.

This Court has the inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). That broad discretion includes the "inherent power to control the sequence in which it hears matters on its calendar." *United States v. W. Elec. Co.*, 46 F.3d 1198, 1207 n.7 (D.C. Cir. 1995). In particular, when two parties present separate motions, the Court may first consider a motion that "addresses a specific and narrow issue" rather than a motion that "encompass[es] issues far broader." *United States v. W. Elec. Co.*, 158 F.R.D. 211, 220 (D.D.C. 1994), *aff'd*, 46 F.3d at 1207 n.7 ("[T]he [district] court's explanation amply supports its exercise of discretion."). In this case, the existence of serious jurisdictional questions and the interests of efficiency and judicial economy make it appropriate for the Court to resolve the Department's forthcoming motion to dismiss before the litigation proceeds to summary judgment.

The "first and fundamental" question for any court is that of jurisdiction: "[t]he requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception," and therefore "[w]ithout jurisdiction the court cannot proceed at all in any cause." *Steel Co.*, 523 U.S. at 94–95 (internal quotation marks omitted). The D.C. Circuit has similarly recognized that "resolving a merits issue while jurisdiction is in doubt carries the courts beyond the bounds of authorized judicial action and violates the principle that the first and fundamental question is that of jurisdiction." *In re Papandreou*,

139 F.3d 247, 254–55 (D.C. Cir. 1998) (internal citations omitted); *see also Furniture Brands Int'l, Inc. v. U.S. Int'l Trade Comm'n*, No. 1:11-CV-00202, 2011 WL 10959877, at *1 (D.D.C. Apr. 8, 2011) (Bates, J.) ("[T]he Court is obligated to determine whether it has subject-matter jurisdiction in the first instance.").

The Department's forthcoming motion to dismiss will raise, *inter alia*, the threshold issue of whether the Plaintiff States have standing to bring suit, including whether and how the Plaintiff States have suffered any harm that is not entirely speculative. Until this Court rules on that jurisdictional issue, the Department "should not be put to the trouble and expense of any further proceedings, and the time of the court should not be occupied with any further proceeding." *United Transp. Serv. Employees of Am., CIO, ex rel. Wash. v. Nat'l Mediation Bd.*, 179 F.2d 446, 454 (D.C. Cir. 1949). Neither the Court's nor the parties' time is well served by engaging in a "struggle over the substance of the suit" when a dispositive jurisdictional motion is soon to be forthcoming. *Democratic Republic of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007) (jurisdictional defenses should be raised at the outset to avoid unnecessary litigation).

Because the Department's motion, if granted, would put an end to this litigation, to require the parties and the Court to address the substance of the Plaintiff States' summary judgment motion at this time would be an inefficient use of resources. Nothing in Rule 56 justifies such waste. In fact, the Advisory Committee notes for Rule 56 encourage courts to issue orders that will prevent the premature briefing of summary judgment motions filed at the commencement of a case: "Although the rule allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had. Scheduling orders or other pretrial orders can regulate timing to fit the needs of the case." Fed. R. Civ. P. 56 advisory committee's note (2010 amendments). Indeed, Rule 12(b) "promotes the early and simultaneous presentation and

determination of preliminary defenses." 5B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1349 (3d ed. 2004). Adjudicating motions under Rule 12(b) thus helps to "eliminate unnecessary delays in the early pleading stages of a suit so that all available Rule 12 defenses are advanced before the consideration of the merits," *George Wash. Univ. v. DIAD, Inc.*, No. CIV. A. 96-301-LFO, 1996 WL 470363, at *1 (D.D.C. Aug. 9, 1996), and to "produce an overall savings in time and resources as well as avoid delay in the disposition of cases, thereby benefiting both the parties and the courts." Wright & Miller, § 1349; *see also Furniture Brands*, 2011 WL 10959877, at *1 (Bates, J.) ("[S]uspending briefing of the summary judgment motion [pending resolution of defendants' 12(b)(1) motion to dismiss] will allow the Court to manage the orderly disposition of this case."). The Plaintiff States should not be permitted to preempt the Department's rights under Rule 12 and waste the resources of the parties and the Court by seeking to advance this litigation straight to summary judgment.

For these reasons, district courts routinely defer consideration of motions for summary judgment while dispositive motions to dismiss remain pending. *See, e.g.*, *Furniture Brands*, 2011 WL 10959877, at *1 (Bates, J.) ("[S]taying further briefing of the plaintiff's summary judgment motion will allow the parties to avoid the unnecessary expense, the undue burden, and the expenditure of time to brief a motion that the Court may not decide."); *Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 59 (D.D.C. 2013) ("Not needing more lawyers to spend more time on more briefs on more subjects in order to decide the motion to dismiss, the Court granted the motion to stay [summary judgment briefing.]"); *Baginski v. Lynch*, 229 F. Supp. 3d 48, 57 (D.D.C. 2017) (noting that it had "deferred" consideration of plaintiff's motion for summary judgment "until it was able to assess the government's motion to dismiss"); *Montgomery v. IRS*, No. 17-cv-918 (D.D.C. Nov. 6, 2017), Min. Order (staying summary judgment briefing until after resolution of threshold issues); *Cierco v. Lew*, 190 F. Supp. 3d 16, 21 (D.D.C. 2016), *aff'd on other grounds sub nom. Cierco v. Mnuchin*, 857 F.3d 407(D.C. Cir. 2017)

7

(same); *Daniels v. United States*, 947 F. Supp. 2d 11, 15 (D.D.C. 2013) (noting that court stayed summary judgment briefing pending its ruling on motion to dismiss); *Angulo v. Gray*, 907 F. Supp. 2d 107, 109 (D.D.C. 2012) (same); *Magritz v. Ozaukee Cty.*, 894 F. Supp. 2d 34, 37 (D.D.C. 2012) (same); *Ticor Title Ins. Co. v. FTC*, 625 F. Supp. 747, 749 n.2 (D.D.C. 1986), *aff'd*, 814 F.2d 731 (D.C. Cir. 1987) (holding in abeyance plaintiff's motion for summary judgment "pending resolution of threshold questions of jurisdiction and justiciability").

A stay of summary judgment briefing is also appropriate so that summary judgment motions, if ultimately necessary, can be properly resolved on the administrative record. The Plaintiff States bring claims under the APA, *see* Compl. ¶¶ 108–145, which must be determined on the administrative record. *See Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419 (1971) (discussing presumption that APA claims are decided based on the "'whole record' compiled by the agency"); *San Luis Obispo Mothers for Peace v. Nuclear Reg. Comm'n*, 751 F.2d 1287, 1324 (D.C. Cir. 1984) ("In discharging their obligation to monitor agency action, courts review a record compiled by the agency."); *Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review should be the administrative record[.]"); *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) ("The task of the reviewing court is to apply the appropriate APA standard of review to the agency decision based on the record the agency presents to the reviewing court.") (internal citation omitted); Fed. R. Civ. P. 26(a)(1)(B). Here, the case is in its infancy and the Plaintiff States moved for summary judgment without permitting the Department the opportunity to compile the administrative record with information relied on by the Department in promulgating the challenged rule.

The Plaintiff States' effort to move for summary judgment absent the administrative record raises several difficulties. Most notably, their motion for summary judgment fails to include the "statement of facts with references to the administrative record" required by the Local Rules. Loc. Civ. R. 7(h)(2). In the absence of an administrative record, the Plaintiff States seek to support

their motion with fifteen declarations.  This unofficial, Plaintiff-selected compilation of documents, however, does not and cannot substitute for the administrative record against which the agency's actions must be evaluated.  The need for a complete administrative record is further demonstrated by the Plaintiff States' own belief that, apart from pure questions of statutory interpretation, the decision-making process for the notice-and-comment rulemaking is controlling for their summary judgment motion.  *See, e.g.*, Plfs.' Mot. Summ. J., at 42–52.  The Plaintiff States should not be permitted to short-circuit the traditional method for judicial review of agency action, and the Department should not be forced to brief summary judgment nor the Court decide without having the benefit of a fully compiled administrative record.

Finally, deferring summary judgment briefing would not prejudice the Plaintiff States.  If the Court ultimately denies the motion to dismiss, the parties may then turn to the merits of the arguments raised in the Plaintiff States' summary judgment motion and any cross-motion for summary judgment that the Department would file.  *See Furniture Brands*, 2011 WL 10959877, at *1 (Bates, J.) ("Because the Court must necessarily resolve the motions to dismiss before considering plaintiff's summary judgment motion, suspending briefing of the summary judgment motion pending the Court's resolution of the motions to dismiss will not prejudice plaintiff.").

In sum, the Department respectfully notes that the more efficient path forward in this case is for the Court to assure itself of jurisdiction before requiring the parties to address the merits of the Plaintiff States' claims.  Here, the Plaintiff States have not even attempted to justify a departure from what the Supreme Court and D.C. Circuit have recognized as the appropriate course of proceedings.  Under these circumstances, the Plaintiff States will not suffer any prejudice as a result of the stay.  In contrast, the Department will be prejudiced if forced to brief summary judgment at this early stage, while simultaneously working to compile a complete and accurate administrative record and brief Rule 12 defenses in the forthcoming motion to dismiss.  Accordingly, briefing on the Plaintiff States'

motion for summary judgment should be stayed until after resolution of the Department's threshold legal arguments.

## II.   Alternatively, the Court Should Enter the Department's Proposed Briefing Schedule.

Alternatively, if the Court is inclined to deny the Department's motion to stay summary judgment briefing, the Department respectfully requests that the Court instead enter the following briefing schedule, which accounts for the Department's rights under the Federal Rules of Civil Procedure and the local rules, including the time needed to properly assemble the administrative record, and the Plaintiff States' desire to obtain a merits ruling prior to April 1, 2019, the applicability date for new self-insured AHPs formed under the Final Rule:

**November 2, 2018:**   The Department will file the certified list of administrative record contents.

**November 9, 2018:**   The Department will file its combined motion to dismiss, or, in the alternative, cross-motion for summary judgment and opposition to the Plaintiff States' motion for summary judgment.

**December 7, 2018:**   The Plaintiff States will file their combined opposition to the Department's motion to dismiss, or, in the alternative, cross-motion for summary judgment and reply in support of the Plaintiff States' motion for summary judgment.

**January 18, 2019:**   The Department will file its reply in support of its motion to dismiss, or, in the alternative, cross-motion for summary judgment.

## CONCLUSION

For the foregoing reasons, the Court should stay the Department's response to Plaintiffs' motion for summary judgment pending resolution of the Department's forthcoming motion to dismiss, and relatedly stay any obligation that the Department may have to file a certified list of the contents of the administrative record pending the Court's resolution of the Department's forthcoming motion to dismiss.

Alternatively, if the Court is inclined to deny the Department's motion to stay summary judgment briefing, the Department respectfully requests that the Court instead enter the Department's proposed briefing schedule.

September 4, 2018

Of Counsel:

KATE S. O'SCANNLAIN
Solicitor of Labor

G. WILLIAM SCOTT
Associate Solicitor

THOMAS TSO
MELISSA MOORE
ISIDRO MARISCAL
DANIEL COLBERT
Attorneys
United States Department of Labor
Office of the Solicitor

Respectfully Submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

BRETT A. SHUMATE
Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Branch Director

CHRISTOPHER HALL
Assistant Branch Director

*/s/  Ashley A. Cheung*
ASHLEY A. CHEUNG
TAMRA T. MOORE
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 616-8267
Email: ashley.cheung@usdoj.gov

*Counsel for Defendants*

11

# **CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2018, I electronically filed the foregoing Motion to Stay

using the Court's CM/ECF system, causing a notice of filing to be served upon all counsel of record.


Dated: September 4, 2018                           /s/  *Ashley A. Cheung*
                                                   ASHLEY A. CHEUNG
                                                   Trial Attorney
                                                   United States Department of Justice
                                                   Civil Division, Federal Programs Branch
                                                   Telephone: (202) 616-8267
                                                   Email: ashley.cheung@usdoj.gov

                                                   *Counsel for Defendants*