**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STATE OF NEW YORK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF LABOR, et al.,<br><br>Defendants. | Civ. Action No. 18-1747-JDB |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A STAY**

Plaintiffs oppose Defendants' motion to stay the requirement to prepare the Joint Appendix in this action – currently due January 2, 2019 – and to extend all other deadlines "commensurate with the duration of the lapse in appropriations." Docket No. 68, ¶¶ 3-4. In light of the harms that the Association Health Plan Final Rule will cause to the Plaintiff States – harms that will be amplified following the Final Rule's January 1, 2019 effective date – the continuation of this litigation on its current schedule falls well within the definition of allowable activities under both the Antideficiency Act and the Justice Department's own contingency plan for its operations following a lapse in appropriations. 31 U.S.C. §§ 1341, 1342.

This lawsuit is a challenge brought by twelve states to the Department of Labor's final rule permitting a broad range of associations to offer health plans that do not have to comply with various Affordable Care Act protections. Docket No. 1; *see* 83 Fed. Reg. 28,912 (June 21, 2018). The Final Rule includes a series of effective dates, including a January 1, 2019, effective date allowing existing self-insured Association Health Plans to expand their availability to additional industries and to so-called "working owners" who do not have any employees. 83

Fed. Reg. at 28,953.  The effect of this expansion, as alleged in Plaintiffs' complaint and documented in the declarations supporting Plaintiffs' motion for summary judgment, will be to cause significant harm to Plaintiffs by dramatically disrupting Plaintiffs' insurance markets, destabilizing those markets and subjecting Plaintiffs to increased enforcement costs, increased harm from uncompensated care, and decreased tax revenue.  *See* Docket No. 1 (Complaint), at ¶¶ 15, 100-106; Docket No. 31-1 (Brown Declaration); Docket No. 31-2 (Caride Declaration); Docket No. 31-3 (Dutt Declaration); Docket No. 31-4 (Gasteier Declaration); Docket No. 31-5 (Kreidler Declaration); Docket No. 31-6 (Kofman Declaration); Docket No. 31-7 (MacEwan Declaration); Docket No. 31-8 (Monahan Declaration); Docket No. 31-9 (Navarro Declaration); Docket No. 31-10 (O'Connor Declaration); Docket No. 31-11 (Stolfi Declaration); Docket No. 31-12 (Taylor Declaration); Docket No. 31-13 (Vullo Declaration); Docket No. 31-14 (Whorley Declaration); Docket No. 31-15 (Lucia Declaration).  Many States relied on the ACA's individual and small market protections as intended by Congress, and have not enacted similar protections in their own statutes.  *See* Plaintiffs' Mem. Supp. Summ. J. 12-13 (Docket No. 31-17).  That means that when these applicability dates occur, Plaintiffs' insurance markets become immediately and increasingly vulnerable to disruption.

The Justice Department's contingency plan for operations in the event of a lapse in appropriations acknowledges that the Antideficiency Act permits continued agency operations where there is "some reasonable likelihood" that the "protection of property would be compromised, in some significant degree, by delay in the performance of the function in question."[1]  U.S. Dep't of Justice, FY 2019 Contingency Plan, at

---

[1] The Justice Department has also designated fully 49% of all Civil Division staff as "excepted employees" – that is, employees whose availability to continue litigating civil matters involving federal defendants is projected to fall within an exception to the Antideficiency Act.  U.S. Dep't of Justice, FY 2019 Contingency Plan 12 tbl. 2, at https://www.justice.gov/jmd/page/file/1015676/download.

https://www.justice.gov/jmd/page/file/1015676/download; *see also* White House Office of Mgmt. & Budget, *Frequently Asked Questions During a Lapse in Appropriations*, at https://www.whitehouse.gov/wp-content/uploads/2018/12/Frequently-Asked-Questions-During-a-Lapse-in-Appropriations.pdf. The financial harms that Plaintiffs will incur, as a result of the imminent and dramatic disruption of their group and individual health insurance markets, surely amount to a "reasonable likelihood" that "protection of property would be compromised" – indeed, that disruption was both the anticipated and the *intended* purpose of Defendants' rulemaking. Docket No. 1, ¶¶ 5-6, 90-99.

Because the Final Rule will continue to take effect with all its attendant harms,[2] Plaintiffs should not be delayed in moving forward with their litigation of this critical case. Plaintiffs respectfully request that the Court deny Defendants' pending motion and maintain all current deadlines in this action. *See, e.g.*, Order Denying Stay Due To Lapse of Appropriations, *California v. Ross*, No. 18-cv-1865, Docket No. 122 (N.D. Cal. Dec. 26, 2018).

Dated: December 27, 2018

Respectfully Submitted,

**BARBARA D. UNDERWOOD**
*Attorney General*
*State of New York*

By: /s/ Matthew Colangelo
Matthew Colangelo (D.C. Bar No. 997893), Executive Deputy Attorney General
Susan J. Cameron, Deputy Bureau Chief
Steven C. Wu (D.C. Bar No. 975434), Deputy Solicitor General

**MAURA HEALEY**
*Attorney General*
*Commonwealth of Massachusetts*

By: /s/ Eric M. Gold
Eric M. Gold, Assistant Attorney General
Stephen B. Vogel, Assistant Attorney General
Health Care Division

[2] The United States Department of Labor has not incurred a lapse in appropriations; the Department of Labor is funded in full for Fiscal Year 2019 (that is, the fiscal year ending September 30, 2019), and is not affected by the current government shutdown. Pub. L. No. 115-245. That agency will therefore be able to oversee implementation of the Final Rule notwithstanding the lapse in appropriations to the Department of Justice.

Lisa Landau, Bureau Chief
Sara H. Mark, Special Counsel
Eric R. Haren (D.C. Bar No. 985189), Special Counsel to the Solicitor General
Elizabeth Chesler, Assistant Attorney General
Matthew W. Grieco, Assistant Solicitor General

Office of the New York State Attorney General
Health Care Bureau
28 Liberty St., 19th Floor
New York, NY 10005
Phone: (212) 416-6057
matthew.colangelo@ag.ny.gov

Office of the Attorney General
One Ashburton Place
Boston, MA 02108
Phone (617) 727-2200
eric.gold@state.ma.us
stephen.vogel@state.ma.us

**KARL A. RACINE**
*Attorney General*
*District of Columbia*

By: *<u>/s/ Robyn R. Bender</u>*
Robyn R. Bender (D.C. Bar No. 465117), Deputy Attorney General
Andrew J. Saindon (D.C. Bar No. 456987), Senior Assistant Attorney General
Valerie M. Nannery (D.C. Bar No. 488529), Assistant Attorney General

Public Advocacy Division
441 4th Street, NW
Suite 630 South
Washington, DC 20001
Phone: (202) 724-6610
Robyn.Bender@dc.gov
Andrew.Saindon@dc.gov
Valerie.Nannery@dc.gov

**XAVIER BECERRA**
*Attorney General*
*State of California*

By: *<u>/s/ Julie Weng-Gutierrez</u>*
Julie Weng-Gutierrez, Senior Assistant Attorney General
Kathleen Boergers, Supervising Deputy Attorney General
Nimrod P. Elias, Deputy Attorney General
Karli Eisenberg, Deputy Attorney General

Office of the Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Phone: (916) 210-7913
Julie.Wenggutierrez@doj.ca.gov
Kathleen.Boergers@doj.ca.gov
Nimrod.Elias@doj.ca.gov
Karli.Eisenberg@doj.ca.gov

**MATTHEW P. DENN**
*Attorney General*
*State of Delaware*

By: *<u>/s/ Ilona Kirshon</u>*
Ilona Kirshon, Deputy State Solicitor
Jessica M. Willey, Deputy Attorney General

ANDY BESHEAR
Attorney General
Commonwealth of Kentucky

By: /s/ J. Michael Brown
J. Michael Brown, Deputy Attorney General

Department of Justice
Carvel State Building, 6th Floor
820 North French Street
Wilmington, DE 19801
Phone: (302) 577-8400
Ilona.Kirshon@state.de.us
Jessica.Willey@state.de.us

La Tasha Buckner, Assistant Deputy Attorney General
S. Travis Mayo, Executive Director, Office of Civil and Environmental Law
Taylor Payne, Assistant Attorney General

Office of the Attorney General
700 Capitol Avenue
Capitol Building, Suite 118
Frankfort, Kentucky 40601
Phone: (502) 696-5300
Travis.Mayo@ky.gov
Taylor.Payne@ky.gov

BRIAN E. FROSH
Attorney General
State of Maryland

By: /s/ Steven A. Sullivan
Steven A. Sullivan, Solicitor General
Kimberly S. Cammarata, Director, Health Education and Advocacy

200 St. Paul Place
Baltimore, MD 21202
Phone: (410) 576-7038
ssullivan@oag.state.md.us
kcammarata@oag.state.md.us

**GURBIR S. GREWAL**
*Attorney General*
*State of New Jersey*

By: *<u>/s/ Matthew J. Berns</u>*
Matthew J. Berns (D.C. Bar No. 998094), Assistant Attorney General
Jeffrey S. Posta, Deputy Attorney General

Department of Law and Public Safety
Office of the Attorney General
Richard J. Hughes Justice Complex
25 Market Street, 8th Floor, West Wing
Trenton, NJ 08625-0080
Phone: (609) 376-2965
Matthew.Berns@njoag.gov
Jeffrey.Posta@njoag.gov

ELLEN ROSENBLUM
Attorney General
State of Oregon

By: /s/ Scott J. Kaplan
Scott J. Kaplan, Senior Assistant Attorney General
Henry Kantor, Trial Attorney
Sarah Weston, Trial Attorney

Oregon Department of Justice

**JOSH SHAPIRO**
*Attorney General*
*Commonwealth of Pennsylvania*

By: *<u>/s/ Michael J. Fischer</u>*
Michael J. Fischer, Chief Deputy Attorney General
Nikole N. Brock, Deputy Attorney General

Office of the Attorney General
Strawberry Square
Harrisburg, PA 17120
Phone: (215) 560-2171
mfischer@attorneygeneral.gov

100 Market Street
Portland, OR 97201
Phone: (971) 673-1880
Scott.Kaplan@doj.state.or.us
Henry.Kantor@doj.state.or.us
Sarah.Weston@doj.state.or.us

nbrock@attorneygeneral.gov

**MARK R. HERRING**
*Attorney General*
*Commonwealth of Virginia*

By: */s/ Toby J. Heytens*
Toby J. Heytens, Solicitor General
Matthew R. McGuire, Principal Deputy Solicitor General

Office of the Attorney General
202 North Ninth Street
Richmond, VA 23219
Phone: (804) 786-7773
theytens@oag.state.va.us
mmcguire@oag.state.va.us

**BOB FERGUSON**
*Attorney General*
*State of Washington*

By: */s/ Jeffrey G. Rupert*
Jeffrey G. Rupert, Chief, Complex Litigation Division
Jeffrey T. Sprung, Assistant Attorney General
Marta Deleon, Assistant Attorneys General

Office of the Washington Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Phone: (206) 326-5492
Jeffrey.Rupert@atg.wa.gov
Jeff.Sprung@atg.wa.gov
Marta.Deleon@atg.wa.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2018, I electronically filed the foregoing Opposition to Defendants' Motion for a Stay using the Court's CM / ECF system, causing a notice of filing to be served upon all counsel of record.

Dated: December 27, 2018

*/s/ Matthew Colangelo*
MATTHEW COLANGELO
Office of the New York State Attorney General
212-416-6057
matthew.colangelo@ag.ny.gov