UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STATE OF NEW YORK *et al.*,

     Plaintiffs,

v.

UNITED STATES DEPARTMENT OF
LABOR *et al.*,

     Defendants.

Civil Action No. 18-cv-1747 (JDB)

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR A STAY OF REQUIREMENT
UNDER LOCAL CIVIL RULE 7(n)(1) TO COMPILE THE JOINT APPENDIX
IN LIGHT OF LAPSE OF APPROPRIATIONS

On December 26, 2018, the United States moved to stay the requirement under Local Civil

Rule 7(n)(1) to compile the Joint Appendix in the above-captioned matter as a result of the December

21, 2018 expiration of the appropriations acts that fund the Department of Justice and several other

Executive agencies.   Plaintiffs, twelve (12) States that challenge a final rule promulgated by the

Department of Labor, oppose the United States' stay motion but offer no adequate justification to

override Congress's explicit directive in the Anti-Deficiency Act barring employees of the United

States, including the undersigned, from working, even on a voluntary basis, except in "*emergencies*

involving the safety of human life or the protection of property." 31 U.S.C. §§ 1341, 1342 (emphasis

added).  Congress made clear that this narrow exception does not include "ongoing, regular functions

of government the suspension of which would not imminently threaten the safety of human life or

the protection of property."  *Id.*

Plaintiffs have not demonstrated how a stay of the parties' obligation to compile a Joint

Appendix under Local Civil Rule 7(n)(1) in this matter will imminently threaten the safety of human

life or the protection of property.[1]  Instead, they have recycled arguments made in support of their standing to challenge the Association Health Plan ("AHP") final rule, which Defendants have shown are not only without merit but also based entirely on conjecture about potential *future* harms that *may* result from the formation of new AHPs under the final rule (should small businesses and certain working owners even decide to form an AHP in the first instance).  Plaintiffs' unsubstantiated claims of purported future harm do not constitute the type of "emergency" to the "protection of property" that would permit continued operations despite the lapse of appropriations.

Plaintiffs' reliance on the Department of Justice's FY 2019 Contingency Plan is misplaced. Consistent with the Anti-Deficiency Act's requirements, the FY 2019 Contingency Plan delineates the categories of "activities and employees that are excepted from the Anti-Deficiency Act restrictions and may continue during a lapse in appropriations." *Id.* at 3.  With respect to the Department's Civil Division, the FY 2019 Contingency Plan expressly states that:

> Civil litigation will be curtailed or postponed to the extent that this can be done without compromising to a significant degree the safety of human life or the protection of property. Litigators will continue to approach the courts and request that active cases, except for those in which postponement would compromise to a significant degree the safety of human life or the protection of property, be postponed until funding is available.

---

[1] Written guidance published by the Department's Office of Legal Counsel has interpreted the scope of the Anti-Deficiency Act's exemption for "emergencies" narrowly in accordance with congressional intent.  *See, e.g.,* Gov't Operations in the Event of A Lapse in Appropriations, 1995 WL 17216091, at *7 (O.L.C. Aug. 16, 1995) ("The brief delay of routine maintenance on government vehicles ought not to constitute an "emergency," for example, and yet it is quite possible to conclude that the failure to maintain vehicles properly may "compromise, to some degree" the safety of the human life of the occupants or the protection of the vehicles, which are government property. We believe that the revised articulation clarifies that the emergencies exception applies only to cases of threat to human life or property where the threat can be reasonably said to the near at hand and demanding of immediate response.").  And the United States Government Accountability Office ("GAO") has explained that the exception for property should be understood in the context of property in which the United States has a direct interest.  6 GAO-RB pt. C, s. 3 (G.A.O.), 2006 WL 6179173, at *15-16 (explaining that the Act's exemption for emergencies imminently threatening the protection of property refers to "either government-owned property or property for which the government has some responsibility").

*Id.* As set forth in the Department's Contingency Plan (and consistent with the requirements of the Anti-Deficiency Act), Civil Division attorneys, including the undersigned, have filed and are filing motions for continuance due to lapse of appropriations in cases around the country where to do so would not compromise to a significant degree the safety of human life or the protection of property. Consisted with this guidance, undersigned counsel has been excepted only for the limited purpose of seeking stays in ongoing civil matters like the present. Ultimately, the Department's decisions, as set forth in the referenced contingency plan, are based on the Department's interpretation of various appropriations statutes, most importantly the Anti-Deficiency Act, 31 U.S.C. §§ 1341, 1342, which by itself serves as the source of, and limitations on, the actions of the undersigned in this and other matters.

As previously explained, the parties' obligation to compile a Joint Appendix does not constitute the type of "emergency involving the safety of human life or the protection of property" sufficient to exempt the undersigned from the scope of the Anti-Deficiency Act. It is for this reason that the United States respectfully requests that the Court stay this requirement until Department of Justice attorneys are permitted to resume their usual civil litigation functions.

Dated: December 27, 2018    Respectfully submitted,

          JOSEPH H. HUNT
          Assistant Attorney General
          Civil Division

          BRETT A. SHUMATE
          Deputy Assistant Attorney General

          JENNIFER D. RICKETTS
          Branch Director

          CHRISTOPHER HALL
          BRAD P. ROSENBERG
          Assistant Branch Directors

/s/ Tamra T. Moore
TAMRA T. MOORE
ASHLEY A. CHEUNG
MICHAEL KNAPP
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 305-8628
Email: Tamra.Moore@usdoj.gov

*Counsel for Defendants*